# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00555-CR

**Edwin Gus Schneider, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 10-960-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Edwin Gus Schneider was charged by indictment with two counts of aggravated robbery, alleged to have been committed on or about June 5, 2010, and June 30, 2010. The trial court included an instruction in the jury charge on the lesser included offense of robbery, but the jury found Schneider guilty of aggravated robbery in both instances. It also found that he used or exhibited a deadly weapon, a firearm, during the commission of each offense. The indictment contained three penalty enhancement paragraphs alleging prior felony offenses, all three of which the jury found to be true. The jury assessed Schneider's punishment at imprisonment for life in the Institutional Division of the Texas Department of Criminal Justice on each count.

Conceding that the evidence is sufficient to find him guilty of committing robbery on both dates, Schneider does not challenge his guilt as to the two offenses. However, he complains in two points of error that the evidence with respect to both counts is legally insufficient to support

his convictions for aggravated robbery because there is no proof that he used or exhibited a deadly weapon during the robbery. He complains in two additional points of error that the evidence is, therefore, legally insufficient to support the deadly weapon finding on each count. He asks that the judgments be reformed to find him guilty only of two counts of robbery rather than aggravated robbery and to omit the deadly weapon finding in both instances. Based on the modified convictions, he further seeks a remand for a new punishment hearing. We will affirm the judgments.

## ELEMENTS OF THE OFFENSE

For each count, the State was required to prove beyond a reasonable doubt that Schneider committed the offense of aggravated robbery. As alleged here, a person commits the offense of aggravated robbery if, while in the course of committing theft, and with intent to obtain or maintain control over property, the person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon during the commission of the offense. Tex. Penal Code § 29.03(a)(2). A deadly weapon includes anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury. *Id.* § 1.07(17). A firearm is a device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. *Id.* § 46.01(a)(3). A firearm is, by definition, a deadly weapon. *Id.* § 1.07(17).

## STANDARD OF REVIEW

When reviewing the legal sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact

2

could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979); *Brooks v. State*, 323 S.W.3d 898, 896 (Tex. Crim. App. 2010). The reviewing court must defer to the jury's determination of weight and credibility; the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. The fact finder is entitled to judge the credibility of the witnesses and can believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The appellate court's review includes all evidence in the record, both direct and circumstantial, without regard to whether it was properly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). When the record evidence contains conflicting inferences, the appellate court must presume that the jury resolved any conflicts in favor of its verdict. *Jackson*, 443 U.S. at 326.

**EVIDENCE**

Morgan Hunter testified that on June 5, 2010, she was working as a bank teller at Regions Bank in Round Rock, Texas. At approximately 10:30 a.m., a man later identified as Schneider entered the bank and walked up to her teller station. He was carrying two bags, one in each hand. One bag was a small black and orange bag; the other was a white, translucent shopping bag, "like a plastic Wal-Mart bag." Schneider handed Hunter the black bag and placed the plastic bag on the counter. He stated, "This is a f---king robbery. Put the money in the bag." He repeated, "This is a robbery." Schneider kept his hand on the plastic bag, which appeared to contain

3

something heavy. Although Hunter could not see inside the bag, based on the shape of the object within she determined that it was "a gun or some kind of weapon."

Hunter was frightened but began complying when Schneider leaned forward and again told her, "This is a robbery; put the money in the bag." She placed her teller money in the black bag, and Schneider warned her, "no bait money." When she was finished, Hunter handed Schneider the black bag. He grabbed the white shopping bag off the counter and left the bank. Hunter could see that the object in the white bag was black. She testified to the jury that during the robbery she was scared that Schneider would hurt her if she did not do as he said. A few days after the robbery, a police officer came to the bank and showed Hunter a photo lineup, from which she positively identified Schneider as the person who robbed the bank on June 5.

Stephanie Velasquez was assisting a customer at the drive through window when Schneider entered the bank. She heard Hunter greet the customer, and then saw her step back with her hands up. She heard the customer tell Hunter to "Come here," and realized a robbery was in progress. Velasquez saw that Schneider had a white plastic bag with something black in it, which she assumed was a weapon.

Albert Robles testified that on June 30, 2010, he was working as a bank teller at a Bank of America branch location in Round Rock, Texas. A man later identified as Schneider entered the bank and appeared to be nervous and sweating. When Robles asked Schneider how he was doing, Schneider did not respond. Instead, he told Robles, "Listen here, this is a bank robbery. And as long as you do everything I tell you to do, you won't get hurt. And I do have a gun." Robles did not see a gun, but Schneider had his left hand in his waistband, and Robles thought that was

4

where he had the gun. Schneider handed Robles a bag and told him to give him all the money in the teller drawer. Robles took the money out of his drawer, put it in the bag, and handed Schneider the bag. Schneider left the bank. Robles locked the front door of the bank and triggered the alarm. When police arrived, they showed Robles a photo lineup and he positively identified Schneider as the person who robbed the bank. The jury was shown footage from the surveillance equipment of Schneider robbing the bank.

Robles was in shock immediately after the robbery. His girlfriend had to drive him home. Although he reported for work the next day, he kept looking at the front door nervously, fearful of another robbery. He was sent home after working only a half day.

Evette Garcia testified that she saw Schneider on June 9, 2010. Although she did not explain where she saw him, Garcia stated that she saw him "in possession of what appeared to be a firearm in a translucent white grocery-type bag." The jury also was shown an exhibit of a photograph of Schneider as she saw him that day, walking through a building lobby holding a gun in his hand with a translucent bag around it. Schneider's finger appears to be on the trigger of the gun.

## DISCUSSION

Schneider asserts that neither Hunter nor Velasquez saw a firearm on June 5. He recognizes that it is not necessary that the victim see the weapon in order to prove its existence. Nevertheless, he contends that because Hunter could not see inside the plastic shopping bag he carried, the record contains no evidence that he used any weapon during the June 5 offense. However, Schneider placed what appeared to be a handgun on Hunter's counter and ordered her to

5

give him money. Hunter testified that the object inside the bag was something heavy and that, based upon the shape of the object, she determined that it was a gun or some type of weapon. She was afraid that Schneider would hurt her if she did not do as he ordered. Schneider left with the money Hunter gave him. Schneider argues that the jury had to infer from the testimony of Hunter and Velasquez that he had a gun, and then the jury had to infer on top of that fact that the gun was a firearm.

When he confronted Robles in the bank on June 30, Schneider told Robles that he had a gun. While Schneider admits that the jury could reasonably infer from his statement that Schneider possessed a gun, he argues that Robles did not see the weapon and, therefore, the record contains no evidence that he used a deadly weapon. Schneider told Robles that he would not hurt Robles so long as Robles did everything Schneider told him to do. Schneider held his left hand at his waistband and kept it there in such a manner as to give Robles the fear and belief that Schneider had a weapon there as he claimed. Robles gave Schneider the money, and Schneider fled with the money Robles gave him. Schneider argues that the jury had to stack an inference upon an inference in order to reach its verdict. That is, from the evidence the jury had to infer that Schneider had a gun, and it further had to infer that the gun was a firearm.

For the same reasons asserted in points of error one and two, Schneider contends in points three and four that the evidence is legally insufficient to prove beyond a reasonable doubt that he used or exhibited a firearm during the commission of the offenses. We disagree with Schneider's contentions. The jury was properly instructed that a "deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily

6

injury/anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." From the evidence that he was seen in possession of a gun on the day of the first robbery, and his statement that he possessed a gun during the second robbery, the jury could reasonably infer that he used a deadly weapon during both robberies.

Viewing all the evidence in the light most favorable to the verdict, we hold that the record contains legally sufficient evidence, including circumstantial evidence with respect to each offense, from which a rational jury could reach the verdict that it did in finding Schneider guilty beyond a reasonable doubt of aggravated robbery. We further hold that the record contains legally sufficient evidence from which the jury could find beyond a reasonable doubt that he used or exhibited a firearm during the commission of each offense.

## CONCLUSION

For the reasons stated, we overrule all four of Schneider's points of error. We affirm the judgments of conviction.

_____

Marilyn Aboussie, Justice

Before Chief Justice Jones, Justices Field and Aboussie*

Affirmed

Filed: November 21, 2013

*Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

7