# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00049-CR

**Allen Maroyd Deloach, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NO. 8931, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court found appellant Allen Maroyd Deloach guilty of evading arrest with a prior conviction of evading arrest, a state jail felony. *See* Tex. Penal Code § 38.04(b)(1). The trial court also found that Deloach had been convicted of two prior state jail felonies and that his offense was therefore punishable as a third-degree felony. *See id.* § 12.425(a). The trial court assessed punishment at 10 years' imprisonment. In two points of error on appeal, Deloach contends that the evidence is insufficient to support his conviction. We will affirm the trial court's judgment.

## BACKGROUND

On April 1, 2012, a deputy with the Lampasas County Sheriff's Office attempted to stop a truck that he had observed speeding.[1] When the truck eventually pulled over, the driver

---

[1] The facts recited herein are taken from the testimony and exhibits admitted at trial.

of the truck, whom the officer believed to be Deloach, fled on foot and eluded the officer. On April 2, Chris McMillian, another Lampasas County sheriff's deputy, began following a vehicle in which Deloach was the passenger. After the vehicle pulled into a car dealership and stopped, Deputy McMillian and Deloach both got out of their vehicles. McMillian later testified at trial that although he ordered Deloach to stop because he had a warrant for Deloach's arrest, Deloach ran into a wooded area.

Deloach was indicted for two offenses, one involving the April 1 incident and the other involving the April 2 incident. Following a bench trial, the trial court found him guilty of the April 2 offense but not guilty of the April 1 offense.

## DISCUSSION

*Standard of review*

In two points of error, Deloach challenges the factual and legal sufficiency of the evidence supporting his conviction.[2] However, the court of criminal appeals has instructed courts to apply only one standard in reviewing whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.); *see also Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (under *Brooks*, courts use single standard when reviewing "the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof"); *Tretter v. State*, No. 03-12-00034-CR, 2014 WL 3893016, at *1 n.1 (Tex.

---

[2] The State did not file a brief in this appeal.

2

App.—Austin Aug. 7, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Brooks* for the proposition that "appellate courts no longer employ distinct legal and factual sufficiency standards when reviewing sufficiency of evidence to sustain criminal conviction"). Under this standard, which the United States Supreme Court articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979), "an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd) (mem. op.); *see also Jackson*, 443 U.S. at 319. We must assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner supporting the verdict. *See Jackson*, 443 U.S. at 319. Moreover, in our review, direct and circumstantial evidence are treated equally. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Finally, in a bench trial, the trial court "is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses." *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978); *see also Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

To prove that Deloach committed the offense of evading arrest-prior conviction under section 38.04(b)(1) of the Texas Penal Code, the State had the burden to show beyond a reasonable doubt that (1) Deloach, (2) intentionally fled, (3) from a person whom he knew to be a peace officer, (4) who was attempting lawfully to arrest or detain him, and (5) Deloach had previously been convicted under section 38.04. Tex. Penal Code § 38.04(a), (b)(1); *see also Baines v. State*, 418 S.W.3d 663, 670 (Tex. App.—Texarkana 2010, pet. ref'd) (listing elements of offense)

3

We understand Deloach to be challenging on appeal the sufficiency of the evidence supporting every element except the first (the defendant's identity) and the fifth (the prior evading-arrest conviction). We must therefore determine whether a reasonable trier of fact could have found each of the three remaining elements beyond a reasonable doubt.

*Analysis*

Deputy McMillian testified at trial to the following facts. On April 2, McMillian visited the office of a Mr. Dubose, who was in the process of selling the truck involved in the April 1 incident to Deloach. While parked in front of Dubose's door, McMillian observed Deloach approaching the office. Deloach made eye contact with McMillian and then returned to the vehicle he had arrived in and entered the passenger-side door. The vehicle drove off and McMillian, who had a warrant for Deloach's arrest, followed it in his unmarked police vehicle. Although McMillian's vehicle bore no police insignia, it was equipped with red and blue lights mounted on the grille that flashed when activated.

Deputy McMillian followed the vehicle into a car dealership, and both vehicles stopped. McMillian testified that he activated his red and blue lights, although he could not remember whether he did this as the suspect vehicle was entering the dealership or after both vehicles were already in the parking lot. McMillian then stepped out of his vehicle and saw Deloach get out of the passenger's side of the vehicle he had followed. McMillian called out to Deloach using Deloach's first name, and Deloach looked at him and then ran into a wooded area as McMillian yelled for him to stop. McMillian was wearing a badge and gun but no uniform.

4

As Deloach fled, the driver of the vehicle got out and began to leave, so McMillian asked him to identify himself. The driver identified himself as Ken Cornwell. At trial, Cornwell testified that he had driven Deloach to Dubose's office and had then gone to the dealership to make an appointment to have Cornwell's vehicle examined. Cornwell testified that he had noticed a police vehicle behind him as he turned into the dealership and that he had mentioned it to Deloach. According to Cornwell, Deloach got out of the car and said, "I have to go," or something similar. Cornwell testified that Deloach went toward the woods, although he could not recall whether Deloach was walking or running.

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Deloach's conviction because a reasonable trier of fact could have found that Deloach intentionally fled from a person whom he knew to be a peace officer lawfully attempting to arrest or detain him. Cornwell told Deloach that there was a police vehicle behind them as they turned into the dealership. When Deloach got out of the vehicle and looked back at McMillian, McMillian was wearing a badge and gun and his red and blue lights were flashing. Although McMillian was not in uniform and his vehicle was unmarked, based on the evidence before it, the trial court as finder of fact could have reasonably determined that Deloach knew that McMillian was a peace officer. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 245 n.43 (Tex. Crim. App. 2008) (use of police emergency lights constitutes show of authority); *Gilbert v. State*, 874 S.W.2d 290, 295 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (same); *see also Peavey v. State*, 248 S.W.3d 455, 469 (Tex. App.—Austin 2008, pet. ref'd) ("[Section] 38.04 did not require the State to prove, for example . . . that the officer was uniformed and prominently displaying a badge,

or—if the officer was operating a vehicle—that the vehicle was appropriately marked as an official police vehicle.").

Moreover, the trial court could have reasonably found that Deloach knew that McMillian was attempting to arrest or detain him because McMillian called to Deloach by name and yelled at him to stop. The trial court heard testimony that despite having seen McMillian pull up behind him, get out of his car, and call to him, Deloach intentionally fled by running away from McMillian into a wooded area. Finally, the trial court could have reasonably found that McMillian had lawful authority to arrest or detain Deloach because McMillian testified that he had a warrant.

Because we conclude that the evidence is sufficient to support Deloach's conviction, we overrule Deloach's two points of error.

## CONCLUSION

Having overruled both of Deloach's points of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: February 19, 2015

Do Not Publish