PD-0283-15

PD-0283-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/16/2015 9:33:55 AM
Accepted 3/18/2015 11:12:20 AM
ABEL ACOSTA
CLERK

PD No. _____

## IN THE COURT OF CRIMINAL APPEALS AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **ALLEN MAROYD DeLOACH,**<br>**Appellant** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CAUSE NO. O3-13-00049-CR** |
| **THE STATE OF TEXAS,**<br>**Appellee** | §<br>§<br>§<br>§ | **TRIAL COURT NO. 8931** |

## PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS AT AUSTIN, TEXAS

## CHIEF JUSTICE JEFF ROSE, PRESIDING

## PETITION OF PETITIONER (APPELLANT)

FILED IN
COURT OF CRIMINAL APPEALS

March 18, 2015

ABEL ACOSTA, CLERK

**COPELAND LAW FIRM PO Box 399 Cedar Park, Texas 78613 Tel. 512-897-8196 Fax. 512-215-8144 Email: tcopeland14@yahoo.com**

**TIM COPELAND State Bar No. 04801500 Attorney for Appellant**

# TABLE OF CONTENTS

**Page**

**Table of Contents** *i*

**Index of Authorities** *ii*

**Identities of Trial Court and Parties** 1

**Statement Regarding Oral Argument** 2

**Statement of the Case** 3

**Statement of the Procedural History of the Case** 4

**Ground of Review** 4

> The record in this case contains no evidence, or merely a "modicum" of evidence, probative of elements of the offense or, in the alternative, the evidence conclusively establishes a reasonable doubt that DeLoach was guilty of the offense of evading, and the Court of Appeals erred in holding otherwise. *See **Jackson***, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n. 11, 61 L. Ed. 2d 560 (1979); *see also **Laster v. State***, 275 S.W.3d 512, 517 (Tex. Crim. App. 2007).

**Summary of the Argument** 4

**Background/Statement of Pertinent Evidence** 5

**Argument** 8

**Prayer** 11

**Certificate of Service and Compliance with Rule 9** 11

# INDEX OF AUTHORITIES

**Authorities**                                                                 **Page**

### UNITED STATES SUPREME COURT cases

*Jackson v. Virginia*                                                          **8,9,10**
    443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)


### Texas Court of Criminal Appeals cases

*Baines v. State*                                                                   **8**
    418 S.W.3d 663 (Tex. App. – Texarkana 2010, *pet. ref'd*)

*Brooks v. State*                                                                   **8**
    323 S.W.3d 893 (Tex. Crim. App. 2010)

*Laster v. State*                                                                   **9**
    275 S.W.3d 512 (Tex. Crim. App. 2007)

*Williams v. State*                                                                **10**
    235 S.W.3d 742(Tex. Crim. App. 2007)


### Statutes

**TEX. PENAL CODE §§38.04(a), (b) (1) and 12.425(a) (West 2012)**      **6,8**

## IDENTITY OF TRIAL COURT AND PARTIES TO

## THE HONORABLE COURT OF APPEALS:

**NOW COMES** Allen Maroyd DeLoach, appellant, who would show the Court that the trial court and interested parties herein are as follows:

**HON. JOE CARROLL (Ret.)**, Judge Presiding, 27th Judicial District Court, Lampasas County, Texas.

**ALLEN MAROYD DeLOACH**, appellant, TDCJ Number 1830886, Luther Unit, 1800 Luther Dr., Navasota, Texas 77863.

**JoANN SAN MIGUEL**, trial attorney for appellant, 505 E. Third St., Ste. 102, Lampasas, Texas 76550.

**TIM COPELAND**, appellate attorney for appellant, PO Box 399, Cedar Park, Texas 78613.

**JOHN GREENWOOD**, Lampasas County Assistant District Attorney, trial and appellate attorney for appellee, the State of Texas, PO Box 1300, Lampasas, Texas 76550.

# STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the clarity of the issue in this case is such that oral argument would add nothing.

**PD No. _____**

# IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **ALLEN MAROYD DeLOACH,** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. O3-13-00049-CR** |
| **v.** | § | |
| | § | **TRIAL COURT NO. 8931** |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

---

## PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

### CHIEF JUSTICE JEFF ROSE, PRESIDING

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

### STATEMENT OF THE CASE

The trial court found Allen Maroyd DeLoach guilty of evading arrest with two prior convictions for evading arrest and that he had been convicted of two prior state jail felonies. *See* **TEX. PENAL CODE §§38.04(a), (b) (1) and 12.425(a) (West 2012)**. The trial court assessed his punishment at 10 years' imprisonment.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Third Court of Appeals at Austin, Texas, by Memorandum Opinion dated February 19, 2015, affirmed DeLoach's conviction and sentence. A copy of that opinion is hereto attached as if fully incorporated herein at length.

## GROUND FOR REVIEW

The record in this case contains no evidence, or merely a "modicum" of evidence, probative of elements of the offense or' in the alternative, the evidence conclusively establishes a reasonable doubt that DeLoach was guilty of the offense of evading, and the Court of Appeals erred in holding otherwise. *See Jackson*, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n. 11, 61 L. Ed. 2d 560 (1979); *see also Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2007).

## SUMMARY OF THE ARGUMENT

No evidence or only a modicum of evidence supports the conclusion that DeLoach must have intentionally fled from a person whom he knew to be a peace officer lawfully attempting to arrest or detain him, and the Court of Appeals erred in reaching the contrary view.

## BACKGROUND/STATEMENT OF PERTINENT EVIDENCE

Deputies in the Lampasas County Sheriff's Department believed that DeLoach evaded arrest in the late night hours of April 1, 2012, and on the following morning secured a warrant for his arrest. Deputy Chris McMillian testified that on April 2 he was driving an unmarked Ford Explorer when he visited with a Mr. Dubose hoping to get a lead on DeLoach's whereabouts. (R.R. 2, p. 82). As McMillian was driving away from Dubose's office, he testified that he saw DeLoach walking up to the office across the parking lot. As they passed each other, McMillian said DeLoach saw him and then "…turned around and went back to the vehicle he got out of". (R.R. 2, p. 82). McMillian said he followed the vehicle down the street until it turned into the Ford car dealership where "[he] activated his red and blue lights mounted on the grill of his unmarked Explorer." (R.R. 2, p. 83). McMillian said that he could not remember whether he activated his lights as the vehicle turned into the parking lot or until both his and the other vehicle were already in the parking lot. (R.R. 2, p. 84). When the vehicles came to a stop, McMillion said that he stood next to his opened car door trying to call for back-up on his radio as DeLoach exited the passenger side of the other car. McMillian said he called out to DeLoach by his first name, "Allen," that DeLoach looked at him and then "took off running towards the creek." (R.R. 2, p. 85). McMillian said that he yelled at DeLoach to stop, but did not remember whether he identified himself as a police officer. (R.R. 2, p. 86). McMillian testified that he

was not wearing a police uniform, but he was wearing his gun and badge. (R.R. 2, p. 86). DeLoach, he said, never looked back as he ran off. McMillian did not give immediate chase, he said, because he stopped to detain and ID the driver of the truck in which DeLoach had been a passenger. (R.R. 2, p. 86).

Ken Cornwall testified that on April 2, while on their way to work, his passenger DeLoach asked him to stop at Dubose's office. (R.R. 2, p. 63). After that stop, Cornwall said that they headed to the Ford house so Cornwall could have his car inspected. (R.R. 2, p. 63). Once he turned into the Ford dealership, Cornwall said he noticed a police vehicle behind him, and he believed that he commented on that fact to DeLoach. (R.R. 2, pp. 64-65). When Cornwall stopped, he said that DeLoach got out and "went toward the wooded area." (R.R. 2, p. 64). Cornwall did not see him *running* in that direction because his attention was focused on Officer McMillian who told him to "wait there" or "something of that nature." (R.R. 3, p. 64). Then, Cornwall said, McMillian approached him, asked for ID and then about his passenger. (R.R. 2, p. 64). By that time, Cornwall said, DeLoach had disappeared into the woods. (R.R. 2, pp. 86-87).

## COURT OF APPEALS' DECISION

The Court of Appeals concluded that the evidence was sufficient to support DeLoach's conviction for evading arrest because a reasonable trier of fact could have found that DeLoach intentionally fled from a person whom he knew to be a

peace officer lawfully attempting to arrest or detain him. It reached that conclusion because:

●   the driver of the car in which DeLoach was a passenger told DeLoach there was a police vehicle behind them as they turned into a car dealership. (*Slip op.* at 5).

●   when DeLoach got out of his vehicle and looked back at the Sheriff's deputy who had pulled in behind the car in which he was a passenger, the deputy was wearing a badge and gun (even though the deputy was otherwise not in uniform)and his red and blue lights were flashing. (*Slip op.* at 5).

●   the deputy called DeLoach by name and yelled at him to stop. (*Slip op.* at 6).

●   the deputy had lawful authority to arrest or detain DeLoach because the deputy testified that he had a warrant. (*Slip op.* at 6).

## ARGUMENT

Petition for Discretionary Review
*Allen Maroyd DeLoach v. The State of Texas*
No. 03-13-00049-CR             7

As noted by the Court of Appeals, to prove that DeLoach committed the offense of evading arrest-prior conviction under **section 38.04(b)(1)** of the **Texas Penal Code**, the state had the burden to show beyond a reasonable doubt that (1) DeLoach, (2) intentionally fled, (3) from a person whom he knew to be a peace officer, (4) who was attempting lawfully to arrest or detain him, and (5) DeLoach had previously been convicted under **section 38.04, Tex. Penal Code §38.04(a), (b)(1)**; *see also* ***Baines v. State***, 418 S.W.3d 663, 670 (Tex. App. – Texarkana 2010, *pet. ref'd*) (listing elements of offense). In reviewing the sufficiency of the evidence to prove each of those elements in this case, the Court of Appeals was required to view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See* ***Jackson v. Virginia***, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L.Ed.2d 560 (1979); ***Brooks v. State***, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). The reviewing court could have held the evidence to be insufficient under the ***Jackson*** standard in two circumstances: (1) the record contained no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively established a reasonable doubt. *See* ***Jackson***, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n. 11, 789; *see also* ***Laster v. State***, 275 S.W.3d 512, 517 (Tex. Crim. App. 2007).

Here, the appellate court determined that a reasonable trier of fact could have found each element of DeLoach's offense beyond a reasonable doubt, but it did so only by assuming some facts that could not be reasonably inferred from the evidence that was presented at trial. The Court of Appeals writes in support of its decision that the driver of the vehicle in which DeLoach was a passenger told DeLoach that there was a police vehicle behind them as they turned into a dealership. (*Slip op*. at 5). However, there is no evidence to indicate that DeLoach heard that statement…if it was made. The Court of Appeals also writes that when DeLoach exited the vehicle and looked back at the deputy who was exiting his car, the deputy was wearing a badge and gun and his red and blue lights were flashing. (*Slip. op*. at 5). From that evidence, the Court of Appeals makes a number of assumptions that may or may not be true. First, the Court concludes that a fact finder could reasonably infer that DeLoach saw the deputy's badge or gun though there is no evidence for that inference. (*Slip op*. at 4). Then, in its review of the sufficiency of the evidence, the Court of Appeals follows that assumption with another—that the fact finder could infer that somehow DeLoach must have known an officer was attempting to detain *him* instead of the driver of the vehicle in which he was a passenger--just because the vehicle's red and blue lights were flashing. (*Slip op*. at 5). Moreover, while the Court writes that there is evidence that the deputy called to DeLoach by name when DeLoach exited the car, the deputy did

not testify how far he was from DeLoach when he called his name *nor did he say that he believed DeLoach ever heard him*. (*Slip op*. at 6).

In sum, the duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Here, that conclusion is reached by the Court of Appeals only by assuming facts inferred from a mere modicum of evidence, if any at all. Under *Jackson,* that is inappropriate. The evidence relied upon by the appellate court to uphold the trial court's finding does not support a conclusion that DeLoach committed the crime of evading. For that reason, his conviction and sentence should be reversed.

## PRAYER

**WHEREFORE**, DeLoach prays that this Court reverse the judgment of the appellate court and enter an order of acquittal.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Mobile/Text:  512.897.8196
Fax:  512.215.8114
Email:  tcopeland14@yahoo.com

By: /s/Tim Copeland
     Tim Copeland
     State Bar No. 04801500
     Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF**
**COMPLIANCE WITH RULE 9**

This is to certify that on March 16, 2015, a true and correct copy of the above and foregoing document was served on the State Prosecuting Attorney, PO Box 12405, Capitol Station, Austin, TX 78711, and on John Greenwood, Assistant District Attorney of Lampasas County, P.O. Box 1300, Lampasas, Texas 76550, in accordance with the *Texas Rules of Appellate Procedure*, and that this Petition for Discretionary Review is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1972 words.

/s/ Tim Copeland
Tim Copeland

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED FEBRUARY 19, 2015

NO.  03-13-00049-CR


Allen Maroyd Deloach,  Appellant

v.

The State of Texas,  Appellee


APPEAL FROM 27TH DISTRICT COURT OF LAMPASAS COUNTY
BEFORE JUSTICES PURYEAR, PEMBERTON, AND FIELD
AFFIRMIED -- OPINION BY JUSTICE  FIELD


This is an appeal from the judgment of conviction  rendered  by the trial court.  Having   reviewed the record and the parties' arguments, the Court holds that  there  was  no  reversible  error  in the trial court's judgment.  Therefore, the  Court  affirms  the trial Court's  judgment  of conviction. Because  appellant is indigent  and unable to pay costs, no adjudication  of costs is  made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00049-CR

**Allen Maroyd Deloach, Appellant**

v.

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8931, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court found appellant Allen Maroyd Deloach guilty of evading arrest with a prior conviction of evading arrest, a state jail felony. *See* Tex. Penal Code § 38.04(b)(l). The trial court also found that Deloach had been convicted of two prior state jail felonies and that his offense was therefore punishable as a third-degree felony. *See id.* § 12.425(a). The trial court assessed punishment at 10 years' imprisonment. In two points of error on appeal, Deloach contends that the evidence is insufficient to support his conviction. We will affirm the trial court's judgment.

## BACKGROUND

On April 1, 2012, a deputy with the Lampasas County Sheriff s Office attempted to stop a truck that he had observed speeding.[1] When the truck eventually pulled over, the driver

---

[1] The facts recited herein are taken from the testimony and exhibits admitted at trial.

of the truck, whom the officer believed to be Deloach, fled on foot and eluded the officer. On April 2, Chris McMillian, another Lampasas County sheriff's deputy, began following a vehicle in which Deloach was the passenger. After the vehicle pulled into a car dealership and stopped, Deputy McMillian and Deloach both got out of their vehicles. McMillian later testified at trial that although he ordered Deloach to stop because he had a warrant for Deloach's arrest, Deloach ran into a wooded area.

Deloach was indicted for two offenses, one involving the April 1 incident and the other involving the April 2 incident. Following a bench trial, the trial court found him guilty of the April 2 offense but not guilty of the April 1 offense.

**DISCUSSION**

*Standard of review*

In two points of error, Deloach challenges the factual and legal sufficiency of the evidence supporting his conviction.' However, the court of criminal appeals has instructed courts to apply only one standard in reviewing whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks* v. *State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.); *see also Matlock v. State,* 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (under *Brooks,* courts use single standard when reviewing "the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof '); *Tretter* v. *State,* No. 03-12-00034-CR, 2014 WL 3893016, at *1 n. 1 (Tex.

[2] The State did not file a brief in this appeal.

2

App.-Austin Aug. 7, 2014, pet. ref d) (mem. op., not designated for publication) (citing *Brooks* for the proposition that "appellate courts no longer employ distinct legal and factual sufficiency standards when reviewing sufficiency of evidence to sustain criminal conviction"). Under this standard, which the United States Supreme Court articulated in *Jackson v. Virginia,* 443 U.S. 307 (1979), "an appellate court must view the evidence in the light most favorable to the verdict and dete1mine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *Schneider v. State,* 440 S.W.3d 839, 841 (Tex. App.-Austin 2013, pet. ref d) (mem. op.); *see also Jackson ,* 443 U.S. at 319. We must assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner supporting the verdict. *See Jackson,* 443 U.S. at 319. Moreover, in our review, direct and circumstantial evidence are treated equally. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Finally, in a bench trial, the trial court "is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses." *Johnson v. State,* 571 S.W.2d 170, 173 (Tex. Crim. App. *1978); see also Joseph v. State,* 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

To prove that Deloach committed the offense of evading arrest-prior conviction under section 38.04(b)(l ) of the Texas Penal Code, the State had the burden to show beyond a reasonable doubt that (1) Deloach, (2) intentionally fled, (3) from a person whom he knew to be a peace officer, (4) who was attempting lawfully to arrest or detain him, and (5) Deloach had previously been convicted under section 38.04. Tex. Penal Code § 38.04(a), (b)(l); *see also Baines v. State,* 418 S.W.3d 663, 670 (Tex. App.-Texarkana 2010, pet. ref d) (listing elements of offense)

3

We understand Deloach to be challenging on appeal the sufficiency of the evidence supporting every element except the first (the defendant's identity) and the fifth (the prior evading-arrest conviction). We must therefore determine whether a reasonable trier of fact could have found each of the three remaining elements beyond a reasonable doubt.

*Analysis*

Deputy McMillian testified at trial to the following facts. On April 2, McMillian visited the office of a Mr. Dubose, who was in the process of selling the truck involved in the April 1 incident to Deloach. While parked in front of Dubose's door, McMillian observed Deloach approaching the office. Deloach made eye contact with McMillian and then returned to the vehicle he had arrived in and entered the passenger-side door. The vehicle drove off and McMillian, who had a warrant for Deloach's arrest, followed it in his unmarked police vehicle. Although McMillian's vehicle bore no police insignia, it was equipped with red and blue lights mounted on the grille that flashed when activated.

Deputy McMillian followed the vehicle into a car dealership, and both vehicles stopped. McMillian testified that he activated his red and blue lights, although he could not remember whether he did this as the suspect vehicle was entering the dealership or after both vehicles were already in the parking lot. McMillian then stepped out of his vehicle and saw Deloach get out of the passenger's side of the vehicle he had followed. McMillian called out to Deloach using Deloach's first name, and Deloach looked at him and then ran into a wooded area as McMillian yelled for him to stop. McMillian was wearing a badge and gun but no uniform.

4

As Deloach fled, the driver of the vehicle got out and began to leave, so McMillian asked him to identify himself. The driver identified himself as Ken Cornwell. At trial, Cornwell testified that he had driven Deloach to Dubose's office and had then gone to the dealership to make an appointment to have Cornwell 's vehicle examined. Cornwell testified that he had noticed a police vehicle behind him as he turned into the dealership and that he had mentioned it to Deloach. According to Cornwell, Deloach got out of the car and said, "I have to go," or something similar. Cornwell testified that Deloach went toward the woods, although he could not recall whether Deloach was walking or running.

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Deloach' s conviction because a reasonable trier of fact could have found that Deloach intentionally fled from a person whom he knew to be a peace officer lawfully attempting to arrest or detain him. Cornwell told Deloach that there was a police vehicle behind them as they turned into the dealership. When Deloach got out of the vehicle and looked back at McMillian, McMillian was wearing a badge and gun and his red and blue lights were flashing. Although McMillian was not in uniform and his vehicle was unmarked, based on the evidence before it, the trial court as finder of fact could have reasonably determined that Deloach knew that McMillian was a peace officer. *See State v. Garcia-Cantu,* 253 S.W.3d 236, 245 n.43 (Tex. Crim. App. 2008) (use of police emergency lights constitutes show of authority); *Gilbert v. State,* 874 S.W.2d 290, 295 (Tex. App.—Houston [1st Dist.] 1994, pet. ref d) (same); *see also Peavey v. State,* 248 S.W.3d 455, 469 (Tex. App.—Austin 2008, pet. ref d) ("[Section] 38.04 did not require the State to prove, for example . . . that the officer was uniformed and prominently displaying a badge,

5

or if the officer was operating a **vehicle** that the vehicle was appropriately marked as an official police vehicle.").

Moreover, the trial court could have reasonably found that Deloach knew that McMillian was attempting to arrest or detain him because McMillian called to Deloach by name and yelled at him to stop. The trial court heard testimony that despite having seen McMillian pull up behind him, get out of his car, and call to him, Deloach intentionally fled by running away from McMillian into a wooded area. Finally, the trial court could have reasonably found that McMillian had lawful authority to arrest or detain Deloach because McMillian testified that he had a warrant.

Because we conclude that the evidence is sufficient to support Deloach's conviction, we overrule Deloach's two points of error.

## CONCLUSION

Having overruled both of Deloach's points of error, we affirm the judgment of conviction.

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: February 19, 2015

Do Not Publish