# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-14-00403-CR

---

**Robert Francis Ritz, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT**
**NO. CR-13-0253, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

---

### O P I N I O N

A jury found appellant Robert Francis Ritz guilty of continuous trafficking of persons and assessed punishment at life in prison. *See* Tex. Penal Code § 20A.03. In four points of error, Ritz contends that the evidence was insufficient to support his conviction and that the trial court erred by incorrectly instructing the jury that Ritz would not be eligible for parole. We will affirm the trial court's judgment of conviction.

### BACKGROUND[1]

Ritz met K.D., the complaining witness, through an online dating site. Ritz, who was 44 years old at the time, and K.D., who was 14 at the time, eventually began meeting in person and entered into a sexual relationship. At first, the two would have sex in Ritz's vehicle or on a blanket

---

[1] The facts recited herein are taken from the testimony and exhibits presented at trial.

outside.  Later, K.D. began sneaking out of her parents' home to see Ritz.  Ritz would pick K.D. up near her home, drive her to his home, have sex with her there, and then drop her off near her home.  K.D. testified that their sexual encounters began in early fall 2012 and ended in January 2013.

While working on an online harassment case involving K.D.'s friend, police learned that K.D. was involved in a relationship with an adult male.  After extracting information from K.D.'s electronic devices, police began the investigation of Ritz that led to his arrest.  At trial, the State introduced text messages between Ritz and K.D. which, according to the State, show that Ritz continued his relationship with K.D. even after he learned that she was a minor.  Ritz pleaded not guilty and was convicted and sentenced, and this appeal followed.

## DISCUSSION

### *Sufficiency of the evidence*

In his first two points of error, Ritz contends that the evidence is insufficient to support his conviction because the State failed to prove that he "trafficked" K.D.

In reviewing whether the evidence is sufficient to support a conviction, "an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd) (mem. op.); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.).

The Texas Penal Code provides that a person commits continuous trafficking of persons "if, during a period that is 30 or more days in duration, the person engages two or more times

2

in conduct that constitutes an offense under Section 20A.02 [trafficking of persons] against one or more victims." Tex. Penal Code § 20A.03(a). A person commits trafficking of persons "if the person knowingly . . . traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by" an enumerated section of the Penal Code. *Id.* § 20A.02(a)(7). These enumerated sections include section 21.11 (Indecency with a Child) and section 22.011 (Sexual Assault). *Id.* § 20A.02(a)(7)(B)–(C). The Penal Code also provides that "'[t]raffic' means to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means." *Id.* § 20A.01(4). Therefore, if Ritz transported K.D. and caused her to become the victim of indecency with a child or sexual assault, then he committed trafficking of persons, and if he did so more than once during a period of 30 days or more, then he committed continuous trafficking of persons as alleged in the indictment.

At trial, K.D. testified that on multiple occasions Ritz drove her 20 or 25 minutes in order to have sex with her at his home. She also testified concerning the duration of her sexual relationship with Ritz, which was more than 30 days. K.D.'s friend testified that she observed K.D. and Ritz have sex inside Ritz's vehicle. The State also presented records extracted from K.D.'s electronic devices purporting to show text messages sent between K.D. and Ritz. These messages were of a sexual nature and indicated that K.D. and Ritz were in a sexual relationship with one another. It is undisputed that K.D. was 14 years old throughout her sexual relationship with Ritz. Viewing this evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found that Ritz transported K.D. by driving her to his home and back, that Ritz caused K.D. to become the victim of conduct enumerated in section 20A.02(a)(7) by engaging

3

in sexual activities with her, including intercourse,[2] and that he engaged in this trafficking more than once in a period of 30 days or more. We therefore conclude that there was sufficient evidence that Ritz committed continuous trafficking of persons, as defined by statute.

In his brief, Ritz "acknowledges that viewing the evidence in the light most favorable to the verdict, the evidence shows that [he] 'transported' the alleged victim to several places not more than 10 miles from her home for the purpose of engaging in sexual relations with her." He contends, however, that he did not "traffic" K.D. because the legislature could not have intended this anti-human-trafficking statute to apply to cases like his that do not involve "the illegal trade of human beings for profit or for sex trafficking." Ritz further argues that the application of this statute to his conduct would lead to "absurd consequences" and would effectively increase the punishment range for all sexual offenses involving a minor. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("[W]here application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally."). In other words, according to Ritz, anytime an adult engages in sexual activities with a minor the adult will be subject to prosecution for trafficking of persons because the adult will always have arguably "transport[ed], entice[d], recruit[ed], harbor[ed], provide[d], or otherwise obtain[ed]" the minor. *See* Tex. Penal Code § 20A.01(4). The sentencing ranges for the individual offenses enumerated in section 20A.02(a)(7) are therefore irrelevant—all of this conduct is

_____

[2] Viewing the evidence in the light most favorable to the verdict, Ritz caused K.D. to become the victim of indecency with a child because he engaged in sexual contact with her. *See* Tex. Penal Code § 21.11(a). He also caused K.D. to become the victim of sexual assault because, among other things, he penetrated her sexual organ. *See id.* § 22.011(a)(2)(A).

now subsumed under trafficking of persons and is punishable as a first-degree felony. *See id.* § 20A.02(b)(1) (providing that offense under 20A.02(a)(7) is first-degree felony); *id.* § 20A.03(e) (providing that continuous trafficking of persons is first-degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 25 years).

We agree that Ritz's conduct, however reprehensible it may have been, does not constitute what would ordinarily be considered "human trafficking" because there were no allegations in this case of organized crime, prostitution, or forced labor. In addition, Ritz may be correct that the plain language of this statute is so broad that nearly every adult who has sex with a minor may now be prosecuted as a human trafficker.

Nevertheless, the current language of the statute is broad, and we cannot conclude that Ritz did not "transport" K.D. when he drove her to his home in order to have sex with her.[3] As long as a statute is constitutional (and Ritz has not challenged the constitutionality of this statute), we must enforce the statute as it was written, not as it might or even should have been written. *See Boykin*, 818 S.W.2d at 785 (courts seek to effectuate intent of legislators "because our state constitution assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary"); *id.* ("Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.") (internal quotation marks omitted).

Moreover, we do not agree with Ritz that the application of this statute to his case leads to an absurd result that the legislature could not possibly have intended. Although the legislature

---

[3] *See The Compact Oxford English Dictionary* 2100 (2d ed. 1994) (defining "transport" as "To carry, convey, or remove from one place or person to another; to convey across.").

5

may not have foreseen or intended that Ritz's conduct would be classified as human trafficking, it is possible that the legislature wished to significantly increase the sentences available for persons who commit sexual crimes involving children by including all such crimes under the "trafficking" umbrella.[4] Furthermore, it is possible that the legislature did intend to classify Ritz's conduct as trafficking because it determined that removing a child from the safety of her own home and driving her miles away to the seclusion of the defendant's home in order to sexually assault her is particularly egregious conduct. In any event, under the plain language of the statute, the evidence is sufficient to support Ritz's conviction.

Accordingly, we overrule Ritz's first two points of error.

***Parole jury instruction***

In his third and fourth points of error, Ritz contends that the trial court erred by failing to include the correct instruction to the jury concerning his parole eligibility and by instead including an erroneous jury instruction.

---

[4] *See In re B.W.*, 313 S.W.3d 818, 821 (Tex. 2010) ("The Legislature has passed a number of statutes providing greater protection against sexual exploitation for underage children . . . . In passing these statutes, the Legislature has expressed both the extreme importance of protecting children from sexual exploitation, and the awareness that children are more vulnerable to exploitation by others even in the absence of explicit threats or fraud."). We also note that the legislature has distinguished between children and adults in section 20A. Section 20A.02(a)(3) requires the offender to use "force, fraud, or coercion" when causing a trafficked adult to become the victim of sexual conduct, but section 20A.02(a)(7), which applies to child victims, provides that the offender may use "any means" of causing the trafficked child to become the victim of prohibited sexual conduct. Moreover, while the sexual offenses enumerated in section 20A.02(a)(3) all pertain to prostitution (and therefore suggest a financial motive), section 20A.02(a)(7) includes sexual offenses that have nothing to do with commercial sex (such as indecency with a child and sexual assault). *See* Tex. Penal Code § 20A.02(a)(3), (7).

At the punishment phase of trial, the court instructed the jury that Ritz "will not be eligible for parole." As the State concedes, this instruction was erroneous because Ritz may become eligible for parole. *See* Tex. Gov't Code § 508.145(d)(1)–(2) (explaining that inmate serving sentence for offense under Penal Code section 20A.03 is eligible for parole when "the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years"). However, Ritz did not object to the trial court's erroneous instruction. Therefore, we will reverse the trial court's judgment on this ground only if we conclude that the error "caused actual, egregious harm" to Ritz. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015); *see Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd). In determining whether charge error has caused egregious harm, we "consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Jourdan v. State*, 428 S.W.3d 86, 97–98 (Tex. Crim. App. 2014) (quoting *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)).

An instruction to the jury stating that the defendant will be eligible for parole benefits the State, not the defendant, because it could encourage the jury to assess a longer sentence with the expectation that the defendant may not actually serve the entire sentence. *See Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref'd) ("Texas courts agree that the State, not appellant, benefits from the parole law instructions . . . . The instruction was designed to increase jury sentences.") (citations omitted); *see also Lemmons v. State*, No. 05-08-00205-CR, 2008 WL

5341043, at *5 (Tex. App.—Dallas Dec. 23, 2008, no pet.) (mem. op., not designated for publication) ("[W]e note that the omitted parole law instruction was designed to increase sentences juries assess and therefore benefits the State, not the defendant."). Here, the trial court's error worked in Ritz's favor because it would, if anything, encourage the jury to decrease Ritz's sentence. Ritz has not explained how the trial court's error harmed him. Moreover, given the fact that the jury determined that Ritz had engaged in continuous trafficking of persons by having sex with a child over a span of weeks and that the State had introduced evidence that Ritz continued his relationship with K.D. even after he learned she was a minor, we cannot conclude that the life sentence assessed by the jury was the result of the trial court's erroneous parole instruction. We conclude that the trial court's error did not cause Ritz egregious harm, and we therefore overrule his third and fourth points of error.

## CONCLUSION

Having overruled each of Ritz's points of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   November 24, 2015

Publish

8