FILED IN
COURT OF CRIMINAL APPEALS

December 21, 2015

ABEL ACOSTA, CLERK

PD-1661-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/21/2015 1:14:21 PM
Accepted 12/21/2015 2:20:37 PM
ABEL ACOSTA
CLERK

NO. _____

# IN THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

_____

**ROBERT FRANCIS RITZ,
PETITIONER**

**VS.**

**THE STATE OF TEXAS,
RESPONDENT**

_____

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**OF THE DECISION IN THE THIRD COURT OF APPEALS**

**CAUSE NO. 03-14-00403-CR**

_____

**LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE: 512-477-7991
FACSIMILE: 512-477-3580
LJIR@AOL.COM
SBN: 10382944**

**ATTORNEY FOR PETITIONER**

**ORAL ARGUMENT IS RESPECTFULLY REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................3

STATEMENT REGARDING ORAL ARGUMENT..............................5

IDENTITY OF JUDGE, PARTIES AND COUNSEL...........................6

STATEMENT OF THE CASE.........................................................7

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE....8

GROUND FOR REVIEW NUMBER ONE............................................9

    THE COURT OF APPEALS ERRED IN FINDING THAT THE EVIDENCE WAS SUFFICIENT TO PROVE THAT PETITIONER "TRAFFICKED" THE ALLEGED VICTIM AS INTENDED BY THE STATUTE.

    ARGUMENT................................................................9

GROUND FOR REVIEW NUMBER TWO...........................................9

    THE COURT OF APPEALS ERRED IN FINDING THAT THE APPLICATION OF THE PLAIN LANGUAGE OF V.T.C.A. PENAL CODE, SEC. 20A.01(4) DID NOT LEAD TO AN ABSURD CONSEQUENCE THAT THE LEGISLATURE COULD NOT HAVE INTENDED.

    ARGUMENT................................................................9

PRAYER FOR RELIEF ................................................................15

CERTIFICATE OF COMPLIANCE..................................................15

CERTIFICATE OF SERVICE .........................................................16

APPENDIX.................................................................................17

    Ritz v. State, 2015 Tex.App.LEXIS 11994, No. 03-14-00403-CR, Tex.App.-Austin, delivered November 24, 2015)

# INDEX OF AUTHORITIES

**CASES**                                                              **PAGES**

Boykin v. State, 818 S.W.2d 782 (Tex.Cr.App. 1991) ...............................11

Delay v. State, 443 S.W.3d 909, 912 (Tex.Cr.App. 2014) .........................10

Faulk v. State, 608 S.W.2d 625, 630 (Tex.Cr.App. 1980).........................11

Ritz v. State, 2015 Tex.App.LEXIS 11994, No. 03-14-00403-CR,
    Tex.App.-Austin, delivered November 24, 2015) ..........................8, 9

Williams v. State, 235 S.W.3d 742, 750 (Tex.Cr.App. 2007) ....................10


**STATUTES**

V.T.C.A. Government Code, Sec. 311.011 ............................................... 11

V.T.C.A. Penal Code, Sec. 20A.01(4) ................................................. 10, 11

V.T.C.A. Penal Code, Sec. 20A.02.................................................9, 10, 11

V.T.C.A. Penal Code, Sec. 20A.02(b)(1)  ............................................... 14

V.T.C.A. Penal Code, Sec. Sec. 20A.03 ................................................ 10

V.T.C.A. Penal Code, Sec. 20A.03(e) ...................................................... 14

V.T.C.A. Penal Code, Sec. 21.11(d).......................................................13

V.T.C.A. Penal Code, Sec. 22.011(f) ......................................................13

V.T.C.A. Penal Code, Sec. 22.021(e) ....................................................13

## BILL ANALYSIS

Author's/ Sponsor's Statement of Intent, Bill Analysis, SB 24, 82nd
.......... Regular Session ...........................................................................................12

## COURT RULES

Tex.R.App.Proc. 66.3(b) ................................................................... 13

Tex.R.App.Proc. 66.3(c) ................................................................... 13

Tex.R.App.Proc. 66.3(d) ................................................................... 10

Tex.R.App.Proc. 66.3(f) ................................................................... 14

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner has raised important questions of first impression in this Court and believes that oral argument would help clarify the issues presented in his petition for discretionary review. Therefore he respectfully requests oral argument.

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Trial Judge:  The Honorable Jack H. Robison, 22nd Judicial District Court of Hays County, Texas

Parties and Counsel:

(a)  the State of Texas represented by:

Mr. Brian Erskine, Asst. District Attorney
Mr. Gerard Perches, Asst. District Attorney
Hays County Criminal District Attorneys Office
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666

(b)  Mr. Robert Francis Ritz, represented by:

Ms. Barrett Hansen – trial attorney
Attorney at Law
P.O. Box 429
Cedar Creek, Texas 78612

Ms. S. Lynn Peach – trial attorney
Attorney at Law
P.O. Box 512
San Marcos, Texas 78667

Ms. Linda Icenhauer-Ramirez - appellate attorney
Attorney at Law
1103 Nueces
Austin, Texas 78701

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES Robert Francis Ritz, Petitioner in this cause by and through his attorney, Linda Icenhauer-Ramirez, and, pursuant to the provisions of Tex.R.App.Proc. 66, et seq., moves this Court to grant discretionary review, and in support will show as follows:

## STATEMENT OF THE CASE

Petitioner was indicted in this cause for one count of continuous sexual abuse of a child and one count of continuous trafficking of persons on March 20, 2013. (C.R. 13-14) On May 13, 2014, after hearing the evidence and argument of both the State and the defense, the jury found Petitioner guilty of the offense of continuous trafficking of persons. (R.R. VI, pp. 157-158; C.R. 163-173) On May 14, 2014, after hearing the evidence and argument from counsel, the jury assessed Petitioner's punishment at life imprisonment. Petitioner was sentenced that day. (R.R. VII, pp. 74-75; C.R. 177-179)

Petitioner filed a motion for new trial on June 5, 2014. (C.R. 183-188) Notice of appeal was filed on June 19, 2014. (C.R. 191-192) The trial court's certification of defendant's right to appeal was filed on May 14, 2014. (C.R. 182)

## STATEMENT OF THE PROCEDURAL HISTORY

On November 24, 2015, the Third Court of Appeals handed down an opinion in this case. Ritz v. State, 2015 Tex.App. LEXIS 11994, No. 03-14-00403-CR, Tex.App.-Austin, delivered November 24, 2015). No motion for rehearing was filed. The petition for discretionary review is due to be filed on or before December 24, 2015.

**GROUND FOR REVIEW NUMBER ONE**
**THE COURT OF APPEALS ERRED IN FINDING THAT THE EVIDENCE WAS SUFFICIENT TO PROVE THAT PETITIONER "TRAFFICKED" THE ALLEGED VICTIM AS INTENDED BY THE STATUTE.**

**GROUND FOR REVIEW NUMBER TWO**
**THE COURT OF APPEALS ERRED IN FINDING THAT THE APPLICATION OF THE PLAIN LANGUAGE OF V.T.C.A. PENAL CODE, SEC. 20A.01(4) DID NOT LEAD TO AN ABSURD CONSEQUENCE THAT THE LEGISLATURE COULD NOT HAVE INTENDED.**

In its opinion, the Third Court of Appeals found the evidence sufficient to support Petitioner's conviction for continuous trafficking of persons under V.T.C.A. Penal Code, Sec. 20A.02, while acknowledging that this cases raises serious questions:

> "We agree that Ritz's conduct, however reprehensible it may have been, does not constitute what would ordinarily be considered 'human trafficking' because there were no allegations in this case of organized crime, prostitution or forced labor.  In addition, Ritz may be correct that the plain language of this statute is so broad that nearly every adult who has sex with a minor may now be prosecuted as a human trafficker." Ritz v. State, 2015 Tex.App.LEXIS 11994 at *6

Petitioner asserts that the Court of Appeals erred in finding the evidence sufficient to support his conviction for continuous trafficking of persons because the evidence merely showed that he transported the single victim a distance of approximately eight miles for the sole purpose of engaging in sexual acts with her.   The child was not provided to other perpetrators, was

9

not prostituted out – this was one defendant engaging in illegal sexual acts with one minor. Petitioner asserts that review in this case should be granted because the Third Court of Appeals has misconstrued the trafficking statutes – V.T.C.A. Penal Code, Secs. 20A.01(4), Sec. 20A.02 and Sec. 20A.03. Tex.R.App.Proc. 66.3(d).

In <u>Delay v. State</u>, 443 S.W.3d 909, 912 (Tex.Cr.App. 2014), the Court of Criminal Appeals wrote:

> " . . . sometimes appellate review of legal sufficiency involves simply construing the reach of the applicable penal provision in order to decide whether the evidence, even when viewed in the light most favorable to conviction, actually establishes a violation of the law."

In <u>Williams v. State</u>, 235 S.W.3d 742, 750 (Tex.Cr.App. 2007), the Court wrote:

> "[i]f the evidence establishes precisely what the State has alleged, but the acts that the State has alleged do not constitute a criminal offense under the totality of the circumstances, then that evidence, as a matter of law, cannot support a conviction."

The Court of Appeals was correct that the evidence was sufficient to show the acts alleged in the indictment. However, Petitioner would ask the Court of Criminal Appeals to speak to the question of whether his conduct of transporting the child a few miles in his personal car for the purpose of having a sexual relationship with the victim constituted the offense of "trafficking" as the legislature intended? Petitioner would assert that when

the legislature enacted the crime of "trafficking of persons" in V.T.C.A. Penal Code, Sec. 20A.02, it did not envision a person in Petitioner's circumstances being prosecuted for the crime of trafficking of persons or continuous trafficking of person.

V.T.C.A. Penal Code, Sec. 20A.01(4) defines "traffic" as follows:

"'Traffic' means to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means."

Petitioner acknowledges that words should be given their common meaning in construing legislation. V.T.C.A. Government Code, Sec. 311.011. However, there are two exceptions to this rule. The first is when there is ambiguous language in the statute. Boykin v. State, 818 S.W.2d 782 (Tex.Cr.App. 1991). The second is when the application of the "[s]tatute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, we should not apply the language literally." Faulk v. State, 608 S.W.2d 625, 630 (Tex.Cr.App. 1980). Petitioner asserts that those two exceptions should be applied in his case.

The object of the Texas trafficking of persons law was to establish a set of prohibitions and penalties to deal with the conduct of individuals who participate in the modern-day slave trade.

"Human trafficking is the illegal trade of human beings and is a modern-day form of slavery. Human trafficking is a criminal enterprise frequently cited as the second-largest

11

criminal industry in the world. In Texas, the Houston and Dallas Innocence Lost operations run by the Federal Bureau of Investigation, the United States Department of Justice, and the National Center for Missing and Exploited Children successfully rescued more than 109 children from traffickers in fiscal year 2010. . . S.B. 24 seeks to enact legislative changes included in the task force report, such as creating separate definitions for sex trafficking and labor trafficking. . . . S.B. 24 amends current law relating to the prosecution, punishment, and certain criminal and civil consequences of offenses involving or related to the trafficking of persons and to certain protections for victims of those offenses."   See  Author's/ Sponsor's Statement of Intent, Bill Analysis, SB 24, 82nd Regular Session.

If the decision of the Court of Appeals is allowed to stand and Petitioner's conviction is affirmed, then anytime a sexual predator moves a child any distance during the commission of a sexual offense, he has now "trafficked" the child and can be prosecuted under the trafficking statutes.   Thus if a person moves a child from room to room, from bed to floor, one foot, two miles – all could be construed to be "trafficking" under the statute.   Thus a person, like Petitioner who commits the offenses of aggravated sexual assault of a child (a first degree felony with a punishment range of five to ninety-nine years or life), sexual assault of a child (a second degree felony with a punishment range of two to twenty years) or indecency by contact (a second degree felony with a punishment range of two to twenty years) can now be

prosecuted under a scenario where the punishment range is raised to a minimum sentence of twenty-five years and a maximum of life imprisonment. This basically nullifies the punishment ranges set out in those particular statutes – aggravated sexual assault (V.T.C.A. Penal Code, Sec. 22.021(e)), sexual assault (V.T.C.A. Penal Code, Sec. 22.011(f)), indecency with a child by contact (V.T.C.A. Penal Code, Sec. 21.11(d)). Petitioner asserts that had the legislature intended this absurd result, it would have amended the punishment ranges set out in those specific statutes.

The Court of Criminal Appeals needs to speak to this issue. Tex.R.App.Proc. 66.3(c). What did the legislature intend when it wrote the trafficking statutes? Review should be granted because the Third Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. Tex.R.App. Proc. 66.3(b).

If the decision of the Third Court of Appeals is left standing, this case will have far-reaching impact. No longer will prosecutors be content to prosecute offenders under the regular statutes that define sexual offenses against children where punishments follow the standard punishment ranges. Now all sexual offenses against children can be either prosecuted for

trafficking of persons as first degree felonies under V.T.C.A. Penal Code, Sec. 20A.02(b)(1) or as continuous trafficking of persons with a punishment range of twenty-five years to ninety-nine years or life under V.T.C.A. Penal Code, Sec. 20A.03(e). Due to the far-reaching effect of this decision, review is proper because the Third Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex.R.App.Proc. 66.3(f). As such, review is not only proper, it is necessary. These grounds for review should be granted.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Honorable Court grant Appellant's Petition for Discretionary Review, and after full briefing on the merits, issue an opinion reversing the decision of the Court of Appeals.

Respectfully submitted,

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ
ATTORNEY AT LAW
1103 NUECES
AUSTIN, TEXAS 78701
TELEPHONE:  512-477-7991
FACSIMILE:  512-477-3580
ljir@aol.com
SBN:  10382944

ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

I hereby certify that excluding the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, this petition for discretionary review contains 2,124 words,  as calculated by the word

15

count function on my computer and is prepared in Times New Roman 14 point font.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petition for Discretionary Review was e-served to the office of the State Prosecuting Attorney and e-served to Mr. Brian Erskine of the Hays County District Attorneys Office on this 21st day of December, 2015.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

# APPENDIX

Ritz v. State, 2015 Tex.App.LEXIS 11994, No. 03-14-00403-CR, Tex.App.-Austin, delivered November 24, 2015)

Robert Francis Ritz, Appellant v. The State of Texas, Appellee

NO. **03-14-00403-CR**

COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN

2015 Tex. App. LEXIS 11994

November 24, 2015, Filed

**NOTICE:** PUBLISH.

**PRIOR HISTORY: [\*1]** FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT. NO. CR-13-0253, HONORABLE JACK H. ROBISON, JUDGE PRESIDING.

**DISPOSITION:** Affirmed.

## CASE SUMMARY:

**OVERVIEW:** HOLDINGS: [1]-The evidence was sufficient to support defendant's conviction of continuous trafficking of persons under Tex. Penal Code Ann. § 20A.03 where the victim testified that on multiple occasions defendant drover her 20 or 25 minutes in order to have sex with her at his home, their sexual relationship lasted more than 30 days, a friend saw her have sex with defendant, text messages between them were of a sexual nature, and the victim was 14 years old throughout the relationship; [2]-Even though the trial court erred by instructing the jury that defendant would not be eligible for parole, the error was not egregious because it worked in defendant's favor as it would, if anything, encourage the jury to decrease his sentence.

**OUTCOME:** Judgment affirmed.

**CORE TERMS:** trafficking, sexual, sentence, parole, sex, adult, continuous, eligible, enumerated, sexual relationship, sexual assault, transported, trafficked, favorable, indecency, egregious, sexual offenses, plain language, exploitation, transport, calendar, messages, traffic, viewing, absurd, felony, inmate, parole law, person commits, insufficient to support

## LEXISNEXIS(R) HEADNOTES

Criminal Law & Procedure > Appeals > Standards of Review > Substantial Evidence > Sufficiency of Evidence

*HN1* In reviewing whether the evidence is sufficient to support a conviction, an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt.

Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons
Criminal Law & Procedure > Criminal Offenses > Sex Crimes > Sexual Assault > Abuse of Children

*HN2* The Texas Penal Code provides that a person commits continuous trafficking of persons if, during a period that is 30 or more days in duration, the person engages two or more times

in conduct that constitutes an offense under Tex. Penal Code Ann. § 20A.02 (trafficking of persons) against one or more victims. Tex. Penal Code Ann. § 20A.03(a). A person commits trafficking of persons if the person knowingly traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by an enumerated section of the Penal Code. Section 20A.02(a)(7). These enumerated sections include Tex. Penal Code Ann. § 21.11 (Indecency with a Child) and Tex. Penal Code Ann. § 22.011 (Sexual Assault). Section 20A.02(a)(7)(B)—(C). The Penal Code also provides that "traffic" means to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means. Tex. Penal Code Ann. § 20A.01(4).

Constitutional Law > The Judiciary > Case or Controversy > Constitutionality of Legislation

*HN3* As long as a statute is constitutional, an appellate court must enforce the statute as it was written, not as it might or even should have been written.

Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > Jury Instructions

*HN4* In determining whether charge error has caused egregious harm, an appellate court considers the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

Criminal Law & Procedure > Jury Instructions > Particular Instructions
Criminal Law & Procedure > Postconviction Proceedings > Parole

*HN5* An instruction to the jury stating that the defendant will be eligible for parole benefits the State, not the defendant, because it could encourage the jury to assess a longer sentence with the expectation that the defendant may not actually serve the entire sentence.

**COUNSEL:** For Appellant: Ms. Linda Icenhauer-Ramirez, Attorney At Law, Austin, TX.

For State: Mr. Brian Erskine, Assistant Criminal District Attorney, San Marcos, TX.

**JUDGES:** Before Chief Justice Rose, Justices Pemberton and Field.

**OPINION BY:** Scott K. Field

### OPINION

A jury found appellant Robert Francis Ritz guilty of continuous trafficking of persons and assessed punishment at life in prison. *See* Tex. Penal Code § 20A.03. In four points of error, Ritz contends that the evidence was insufficient to support his conviction and that the trial court erred by incorrectly instructing the jury that Ritz would not be eligible for parole. We will affirm the trial court's judgment of conviction.

**BACKGROUND**[1]

**FOOTNOTES**

[1] The facts recited herein are taken from the testimony and exhibits presented at trial.

Ritz met K.D., the complaining witness, through an online dating site. Ritz, who was 44 years old at the time, and K.D., who was 14 at the time, eventually began meeting in person and entered into a sexual relationship. At first, the two would have sex in Ritz's vehicle or on a blanket outside. Later, K.D. began sneaking out of her parents' home to see Ritz. Ritz would pick K.D. up near her home,

drive her to his home, have sex with her there, and then drop her off near her home. K.D. testified **[*2]** that their sexual encounters began in early fall 2012 and ended in January 2013.

While working on an online harassment case involving K.D.'s friend, police learned that K.D. was involved in a relationship with an adult male. After extracting information from K.D.'s electronic devices, police began the investigation of Ritz that led to his arrest. At trial, the State introduced text messages between Ritz and K.D. which, according to the State, show that Ritz continued his relationship with K.D. even after he learned that she was a minor. Ritz pleaded not guilty and was convicted and sentenced, and this appeal followed.

## DISCUSSION

### Sufficiency of the evidence

In his first two points of error, Ritz contends that the evidence is insufficient to support his conviction because the State failed to prove that he "trafficked" K.D. *HN1* In reviewing whether the evidence is sufficient to support a conviction, "an appellate court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt." *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd) (mem. op.); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.).

*HN2* The Texas Penal Code provides that a person **[*3]** commits continuous trafficking of persons "if, during a period that is 30 or more days in duration, the person engages two or more times in conduct that constitutes an offense under Section 20A.02 [trafficking of persons] against one or more victims." Tex. Penal Code § 20A.03(a). A person commits trafficking of persons "if the person knowingly . . . traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by" an enumerated section of the Penal Code. *Id.* § 20A.02(a)(7). These enumerated sections include section 21.11 (Indecency with a Child) and section 22.011 (Sexual Assault). *Id.* § 20A.02(a)(7)(B)—(C). The Penal Code also provides that "'[t]raffic' means to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means." *Id.* § 20A.01(4). Therefore, if Ritz transported K.D. and caused her to become the victim of indecency with a child or sexual assault, then he committed trafficking of persons, and if he did so more than once during a period of 30 days or more, then he committed continuous trafficking of persons as alleged in the indictment.

At trial, K.D. testified that on multiple occasions Ritz drove her 20 or 25 minutes in order to have sex with her at his home. She also testified concerning the duration of **[*4]** her sexual relationship with Ritz, which was more than 30 days. K.D.'s friend testified that she observed K.D. and Ritz have sex inside Ritz's vehicle. The State also presented records extracted from K.D.'s electronic devices purporting to show text messages sent between K.D. and Ritz. These messages were of a sexual nature and indicated that K.D. and Ritz were in a sexual relationship with one another. It is undisputed that K.D. was 14 years old throughout her sexual relationship with Ritz. Viewing this evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found that Ritz transported K.D. by driving her to his home and back, that Ritz caused K.D. to become the victim of conduct enumerated in section 20A.02(a)(7) by engaging in sexual activities with her, including intercourse,[2] and that he engaged in this trafficking more than once in a period of 30 days or more. We therefore conclude that there was sufficient evidence that Ritz committed continuous trafficking of persons, as defined by statute.

---

**FOOTNOTES**

[2] Viewing the evidence in the light most favorable to the verdict, Ritz caused K.D. to become the victim of indecency with a child because he engaged in **[*5]** sexual contact with her. *See* Tex. Penal Code § 21.11(a). He also caused K.D. to become the victim of sexual assault because,

among other things, he penetrated her sexual organ. *See id.* § 22.011(a)(2)(A).

In his brief, Ritz "acknowledges that viewing the evidence in the light most favorable to the verdict, the evidence shows that [he] 'transported' the alleged victim to several places not more than 10 miles from her home for the purpose of engaging in sexual relations with her." He contends, however, that he did not "traffic" K.D. because the legislature could not have intended this anti-human-trafficking statute to apply to cases like his that do not involve "the illegal trade of human beings for profit or for sex trafficking." Ritz further argues that the application of this statute to his conduct would lead to "absurd consequences" and would effectively increase the punishment range for all sexual offenses involving a minor. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("[W]here application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally."). In other words, according to Ritz, anytime an adult engages in sexual activities with a minor the adult will be subject **[*6]** to prosecution for trafficking of persons because the adult will always have arguably "transport[ed], entice[d], recruit[ed], harbor[ed], provide[d], or otherwise obtain[ed]" the minor. *See* Tex. Penal Code § 20A.01(4). The sentencing ranges for the individual offenses enumerated in section 20A.02(a)(7) are therefore irrelevant—all of this conduct is now subsumed under trafficking of persons and is punishable as a first-degree felony. *See id.* § 20A.02(b)(1) (providing that offense under 20A.02(a)(7) is first-degree felony); *id.* § 20A.03(e) (providing that continuous trafficking of persons is first-degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 25 years).

We agree that Ritz's conduct, however reprehensible it may have been, does not constitute what would ordinarily be considered "human trafficking" because there were no allegations in this case of organized crime, prostitution, or forced labor. In addition, Ritz may be correct that the plain language of this statute is so broad that nearly every adult who has sex with a minor may now be prosecuted as a human trafficker.

Nevertheless, the current language of the statute is broad, and we cannot conclude that Ritz did not "transport" K.D. when he drove her to his home in order to have sex with her.**³** *HN3*As long as a statute **[*7]** is constitutional (and Ritz has not challenged the constitutionality of this statute), we must enforce the statute as it was written, not as it might or even should have been written. *See Boykin*, 818 S.W.2d at 785 (courts seek to effectuate intent of legislators "because our state constitution assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary"); *id.* ("Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.") (internal quotation marks omitted).

### FOOTNOTES

**³** *See The Compact Oxford English Dictionary* 2100 (2d ed. 1994) (defining "transport" as "To carry, convey, or remove from one place or person to another; to convey across.").

Moreover, we do not agree with Ritz that the application of this statute to his case leads to an absurd result that the legislature could not possibly have intended. Although the legislature may not have foreseen or intended that Ritz's conduct would be classified as human trafficking, it is possible that the legislature wished to significantly increase the sentences available for persons who commit sexual crimes involving **[*8]** children by including all such crimes under the "trafficking" umbrella.**⁴** Furthermore, it is possible that the legislature did intend to classify Ritz's conduct as trafficking because it determined that removing a child from the safety of her own home and driving her miles away to the seclusion of the defendant's home in order to sexually assault her is particularly egregious conduct. In any event, under the plain language of the statute, the evidence is sufficient to support Ritz's conviction.

## FOOTNOTES

[4] *See In re B.W.*, 313 S.W.3d 818, 821 (Tex. 2010) ("The Legislature has passed a number of statutes providing greater protection against sexual exploitation for underage children . . . . In passing these statutes, the Legislature has expressed both the extreme importance of protecting children from sexual exploitation, and the awareness that children are more vulnerable to exploitation by others even in the absence of explicit threats or fraud."). We also note that the legislature has distinguished between children and adults in section 20A. Section 20A.02(a)(3) requires the offender to use "force, fraud, or coercion" when causing a trafficked adult to become the victim of sexual conduct, but section 20A.02(a)(7), which applies to child victims, provides that the offender may use "any means" **[*9]** of causing the trafficked child to become the victim of prohibited sexual conduct. Moreover, while the sexual offenses enumerated in section 20A.02(a)(3) all pertain to prostitution (and therefore suggest a financial motive), section 20A.02(a)(7) includes sexual offenses that have nothing to do with commercial sex (such as indecency with a child and sexual assault). *See* Tex. Penal Code § 20A.02(a)(3), (7).

Accordingly, we overrule Ritz's first two points of error.

**Parole jury instruction**

In his third and fourth points of error, Ritz contends that the trial court erred by failing to include the correct instruction to the jury concerning his parole eligibility and by instead including an erroneous jury instruction.

At the punishment phase of trial, the court instructed the jury that Ritz "will not be eligible for parole." As the State concedes, this instruction was erroneous because Ritz may become eligible for parole. *See* Tex. Gov't Code § 508.145(d)(1)—(2) (explaining that inmate serving sentence for offense under Penal Code section 20A.03 is eligible for parole when "the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years"). **[*10]** However, Ritz did not object to the trial court's erroneous instruction. Therefore, we will reverse the trial court's judgment on this ground only if we conclude that the error "caused actual, egregious harm" to Ritz. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015); *see Kuhn v. State*, 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd). *HN4* In determining whether charge error has caused egregious harm, we "consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Jourdan v. State*, 428 S.W.3d 86, 97-98 (Tex. Crim. App. 2014) (quoting *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)).

*HN5* An instruction to the jury stating that the defendant will be eligible for parole benefits the State, not the defendant, because it could encourage the jury to assess a longer sentence with the expectation that the defendant may not actually serve the entire sentence. *See Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref'd) ("Texas courts agree that the State, not appellant, benefits from the parole law instructions . . . . The instruction was designed to increase jury sentences.") (citations omitted); *see also Lemmons v. State*, No. 05-08-00205-CR, 2008 Tex. App. LEXIS 9591, 2008 WL 5341043, at *5 (Tex. App.—Dallas Dec. 23, 2008, no pet.) (mem. op., not designated for publication) ("[W]e note that the omitted parole law instruction was designed to increase sentences juries assess and therefore **[*11]** benefits the State, not the defendant."). Here, the trial court's error worked in Ritz's favor because it would, if anything, encourage the jury to decrease Ritz's sentence. Ritz has not explained how the trial court's error harmed him. Moreover, given the fact that the jury determined that Ritz had engaged in continuous trafficking of persons by having sex with a child over a span of weeks and that the State had introduced evidence that Ritz continued his relationship with K.D. even after he learned she was a minor, we cannot conclude that the life sentence assessed by the jury was the result of the trial court's erroneous parole instruction.

We conclude that the trial court's error did not cause Ritz egregious harm, and we therefore overrule his third and fourth points of error.

**CONCLUSION**

Having overruled each of Ritz's points of error, we affirm the judgment of conviction.

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: November 24, 2015

Publish

Source:  **Legal** > / · · · / > **TX State Cases, Combined**
Terms:  **number(03-14-00403-cr)**  (Suggest Terms for My Search)
View:  Full
Date/Time:  Monday, December 21, 2015 - 10:01 AM EST

LexisNexis®   About LexisNexis   | Privacy Policy   | Terms & Conditions   | Contact Us   RELX Group™
Copyright ©  2015 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.