

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0150-21

---

### RICHARD DALE GRIFFIN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD DISTRICT COURT OF APPEALS
### HAYS COUNTY

---

**NEWELL, J., filed a concurring opinion.**

This Court is again being asked to interpret the human trafficking statute.[1]  Appellant rehashes the same arguments that were clearly rejected in *Ritz v. State*.[2]  Nothing has changed since *Ritz*.  The statute

---

[1] *See* Tex. Penal Code § 20A.02.

[2] *See Ritz v. State*, 481 S.W.3d 383 (Tex. App.—Austin 2015, pet. dism'd); *see also Ritz v. State*, 533 S.W.3d 302 (Tex. Crim. App. 2017).

hasn't. Neither have the arguments. Contrary to Appellant's claims, there is no need to "settle" the construction of the statute. The courts of appeals that have construed the statute have done so according to the text of the statute and consistent with the holding in *Ritz*.[3] And the United States Supreme Court recently denied review on a case in which the defendant raised constitutional challenges to the human trafficking statute based upon the same arguments rejected by the court of appeals in this case.[4] There is no uncertainty; there's just dissatisfaction with the statute's terms.

When the legislature meets without changing a statute, after that particular statute has been judicially construed, we presume the legislature intended the same construction should continue to be applied to that statute.[5] The human trafficking statute was judicially construed and decided by the Austin court of appeals in *Ritz v. State*, a published

---

[3] *See Ex parte Barrett*, 608 S.W.3d 80, 95–96, 98 (Tex. App.—Dallas 2020, pet. filed) (construing 20A.02(a) in the face of facial overbreadth and vagueness challenges); *Benavides v. State*, No. 04-18-00273-CR, 2019 WL 5580260, *5–6 (Tex. App.—San Antonio Oct. 30, 2019, pet. ref'd) (mem. op. not designated for publication), *cert. denied*, 141 S.Ct. 372 (2020) (noting that "[b]ased on the plain text of the statute, a person of ordinary intelligence is placed on notice that driving another person with the intent to force the other person to engage in prostitution more than once during a period of 30 days constitutes the offense of continuous trafficking").

[4] *See Benavides*, 2019 WL 5580260.

[5] *Smith v. State*, 5 S.W.3d 673, 681 (Tex. Crim. App. 1999) (Keller, P.J., dissenting) (citing *State v. Hardy*, 963 S.W.2d 516, 523 (Tex. Crim. App. 1997) (quoting *Marin v. State*, 891 S.W.2d 267, 271–72 (Tex. Crim. App. 1994))).

opinion issued on November 24, 2015.[6]  Our Court initially granted

discretionary review, but later dismissed the petition as improvidently

granted on June 14, 2017.[7]  Since then, the Texas Legislature has met

on multiple occasions (July 18, 2017,[8] January 8, 2019,[9] and January

12, 2021).[10]  It did not change the statute.

In *Ritz*, the court of appeals rejected the same arguments

presented in this petition for review.[11]  *Ritz* dealt with a defendant who

picked up a 14-year-old victim many times and drove her to his house

for sex.[12]  The defendant argued that the human trafficking statute could

not apply to him because there was no evidence of "the illegal trade of

human beings for profit or for sex trafficking."[13]  The defendant argued

that without such a showing a defendant would be subject to criminal

liability for a greater offense of trafficking (instead of a lesser-included

---

[6] *Ritz*, 481 S.W.3d at 384–86.

[7] *Ritz*, 533 S.W.3d at 303.

[8] Senate Journal, Eighty-fifth Legislature—First called Session.

[9] House Journal, Eighty-sixth Legislature, Regular Session.

[10] House Journal, Eighty-Seventh Legislature, Regular Session.

[11] *See Ritz*, 481 S.W.3d at 384–86.

[12] *Id.* at 384.

[13] *Id.* at 385.

offense) anytime an adult engaged in sex with a minor and transported the minor to do so.[14]  The court of appeals rejected these arguments and recognized that the terms of the human trafficking statute are broad, but do not lead to absurd results.[15] In addition, the two courts of appeals that have had the occasion to construe the statute since *Ritz* was decided have construed the statute consistent with *Ritz*.[16]

Here, Appellant was indicted with one count of Continuous Trafficking of a Person and sixty-three counts of possession of child pornography.[17]  A jury returned a guilty verdict on all counts.[18]  On appeal, Appellant made the same arguments that the defendant in *Ritz* made.  But the text of the human trafficking statute does not support Appellant's arguments any more than it does those made in *Ritz*. Section 20A.03 of the Penal Code makes it a crime if a person, during a period that is 30 or more days in duration, engages two or more times in conduct that constitutes the offense of "trafficking of persons" against

---

[14] *Id.*

[15] *Id.* at 386.

[16] *See Barrett*, 608 S.W.3d at 95–96, 98; *Benavides*, 2019 WL 5580260, at *5.

[17] *Griffin v. State,* No. 03-19-00429-CR, 2020 WL 7640149, at *1 (Tex. App.—Austin December 23, 2020).

[18] *Id*.

one or more victims.[19]  Section 20A.02(a) of the Penal Code lists all the different ways in which a person can commit the offense of "trafficking of persons."

(a) A person commits an offense if the person knowingly:

(1) traffics another person with the intent that the trafficked person engage in forced labor or services;

(2) receives a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services;

(3) traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:

(A) Section 43.02 (Prostitution);

(B) Section 43.03 (Promotion of Prostitution);

(C) Section 43.04 (Aggravated Promotion of Prostitution); or

(D) Section 43.05 (Compelling Prostitution);

(4) receives a benefit from participating in a venture that involves an activity described by Subdivision (3) or engages in sexual conduct with a person trafficked in the manner described in Subdivision (3);

(5) traffics a child with the intent that the trafficked child engage in forced labor or services;

---

[19] Tex. Penal Code § 20A.03 ("Continuous Trafficking of Persons"); *see also* Tex. Penal Code § 20A.02 ("Trafficking of Persons").

(6) receives a benefit from participating in a venture that involves an activity described by Subdivision (5), including by receiving labor or services the person knows are forced labor or services;

(7) traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by:

> (A) Section 21.02 (Continuous Sexual Abuse of Young Child or Children);

> (B) Section 21.11 (Indecency with a Child);

> (C) Section 22.011 (Sexual Assault);

> (D) Section 22.021 (Aggravated Sexual Assault);

> (E) Section 43.02 (Prostitution);

> (F) Section 43.03 (Promotion of Prostitution);

> (G) Section 43.04 (Aggravated Promotion of Prostitution);

> (H) Section 43.05 (Compelling Prostitution);

> (I) Section 43.25 (Sexual Performance by a Child);

> (J) Section 43.251 (Employment Harmful to Children); or

> (K) Section 43.26 (Possession or Promotion of Child Pornography); or

(8) receives a benefit from participating in a venture that involves activity described by Subdivision (7) or engages in

sexual conduct with a child trafficked in the manner described in Subdivision (7).[20]

The text of the statute makes clear that the legislature sought to criminalize both human trafficking and the exploitation of human trafficking victims. Though the statute can apply in situations in which there are two parties involved in the trafficking—the trafficker and the person exploiting the child victim—the statutory terms are not limited to only those situations. First, section 20A.02(a)(1) criminalizes the trafficking of a person for forced labor, while section 20A.02(a)(2) criminalizes the use of that labor.[21] Section 20A.02(a)(5) criminalizes the trafficking of a child for forced labor, while Section 20A.02(a)(6) criminalizes the use of that labor.[22] In both situations, the person receiving the benefit of the slave labor is just as culpable as the person providing the slave labor because both parties are responsible for the exploitation.

Additionally, Section 20A.02(c) provides that "if conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under

---

[20] Tex. Penal Code § 20A.02(a).

[21] *Compare* Tex. Penal Code § 20A.02(a)(1) *with* Tex. Penal Code § 20A.02(a)(2).

[22] *Compare* Tex. Penal Code § 20A.02(a)(5) *with* Tex. Penal Code § 20A.02(a)(6).

either section or under both sections."[23]  The legislature limited this in subjection (d) by prohibiting (with some exceptions) simultaneous prosecution for both continuous human trafficking and continuous sexual abuse of a child.[24]  Under the plain text of the statute, the legislature sought to provide as much protection for exploited people and children as possible by allowing prosecution for both human trafficking and the product of human trafficking.  There is no textual suggestion that the person who traffics in children should be treated differently than those who exploit those children.

Second, the legislature's use of passive voice in subjection (7) demonstrates a legislative intent to protect children, not those who traffic them.[25]  By using the passive voice, the legislature intentionally left the identity of who abuses the child open.  Had the legislature truly envisioned a required showing of "two culpable actors" within the same offense, as Appellant argues, it would have said so.  But it did not specify in the statute that the person engaging in human trafficking as delineated in subsection (7) had to be different from the person

---

[23] Tex. Penal Code § 20A.02(c).

[24] Tex. Penal Code § 20A.02(d).

[25] *See* Tex. Penal Code § 20A.02(a)(7).

victimizing the child.[26]   Indeed, the statute specifically allows that a trafficker can be guilty of trafficking if he causes the victimization of the child "by any means."[27]   The legislature clearly contemplated criminalizing situations in which the trafficker engages in both the traffic and the victimization.[28]

Finally, the use of active voice in subsection (8) would seem to put any debate to rest.[29]   Under that subsection, a person commits an offense if he engages in sexual conduct with a child trafficked in a manner described in subjection (7).[30]  Just as subdivision (7) places no limitation on who victimizes the trafficked child, subdivision (8) places no limitation on who traffics the child "in the manner described in Subdivision (7)."[31]   Had the legislature truly intended an "either-or" limitation on prosecution, it would have written "engaged in sexual conduct with a child trafficked by another."  It did not.  The plain text

---

[26] *Id.*

[27] *Id.*

[28] Indeed, this Court just recently considered a case in which the human trafficker did just that.  *See Williams v. State*, No. PD-0477-19, --- S.W.3d ---, ------, 2021 WL 2132167, *1–4 (Tex. Crim. App. May 26, 2021).

[29] *See* Tex. Penal Code § 20A.02(a)(8).

[30] *Id.*

[31] *Compare* Tex. Penal Code § 20A.02(a)(8) *with* Tex. Penal Code § 20A.02(a)(7).

demonstrates our legislature's focus upon protecting exploited children, not exempting human traffickers from criminal liability when they abuse those they traffic.

Though the statutory terms allow for broad application, they do not lead to absurd results. The bar for concluding that a textual interpretation of a statute would lead to absurd results is, and should be high.[32] Even if a consequence is unintended, improvident, or inequitable, it may still fall short of being unthinkable or unfathomable.[33] Regardless of how broad Appellant regards the statutory terms, it is still at least possible that our legislature intended to classify Appellant's conduct as trafficking because it regarded removing a child from the safety of her home as particularly egregious conduct.[34] This is a policy determination that our legislature gets to make. We are not at liberty to disturb it.

With these thoughts, I join the Court's order to refuse discretionary review.

Filed: October 6, 2021

Publish

---

[32] *Combs v. Health Care Services Corp.*, 401 S.W.3d 623, 630 (Tex. 2013).

[33] *Id.*

[34] *Ritz*, 481 S.W.3d at 386.