

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0150-21

### RICHARD DALE GRIFFIN, Appellant

### v.

### THE STATE OF TEXAS

### DISSENT TO REFUSAL TO GRANT
### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

**KELLER, P.J., filed a dissenting opinion in which WALKER, J., joined.**

In *Ritz v. State*, the defendant was convicted of continuous trafficking of persons for transporting a fourteen-year-old to his home multiple times to have sex with her.[1] Now Appellant has been convicted of the same offense because he drove the high-school aged victim to his home, his karate studio, and his travel trailer to have sex with her.[2] The court of appeals noted that defendants in at least three other jurisdictions have been prosecuted for trafficking under similar

---

[1] *See* 533 S.W.3d 302, 309 (Tex. Crim. App. 2017) (Keller, P.J., dissenting).

[2] *See Griffin v. State*, No. 03-19-00429-CR, 2020 WL 7640149, *1 (Tex. App.—Austin December 23, 2020).

facts.[3] Given the court of appeals's broad construction of the statute, we should expect more cases like this. This Court declined to address the proper construction of the statute in *Ritz*,[4] but it is high time to face the issue. Considering that the issue before us involves the scope of a criminal offense, and it appears that the statute is being employed beyond its proper scope, we should grant review now.

Relying upon its earlier decision in *Ritz*,[5] the court of appeals held that the language of the trafficking statute was broad enough to convict a defendant who has sex with a child if his only other relevant act was to drive the victim to the place where the sex occurred.[6] The court of appeals acknowledged that its construction of the trafficking statute might be "so broad that nearly every adult who has sex with a minor may now be prosecuted as a human trafficker," but concluded that the language of the statute compelled such a result.[7]

The court of appeals is half right. As construed by the court of appeals, the trafficking and continuous-trafficking statutes have the potential to supplant most Penal Code sex offenses against children and to impose greater punishment ranges. To see how this is so, we must first look at the statutory definition of "traffic." "Traffic" means to "transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means."[8] When the constitutionality of a statute is at issue,

---

[3] *Id.* at *5, n.1.

[4] 533 S.W.3d at 303 (dismissing petition as improvidently granted).

[5] *Ritz v. State*, 481 S.W.3d 383 (Tex. App.—Austin 2015, pet. dism'd).

[6] *Griffin*, 2020 WL 7640149, at *3-4.

[7] *Id.* *3 (quoting *Ritz*, 481 S.W.3d at 386).

[8] TEX. PENAL CODE § 20A.01.

it is appropriate to focus solely on the portions of the statute that are pled in the charging instrument,[9] but when the meaning of the statute is at issue, all of its provisions—even those that were not pled—should be considered.[10] So we should consider not only the "transport" definition of "traffic" but all of the definitions. If "transport" is to be accorded its broadest possible meaning, then so should the other terms in the definition of "traffic." And when that is done, it is hard to see how any sexual offense against a child escapes the definition. Convincing, or even just motivating, the child to have sex would seem to qualify as"enticing" the child. Exercising any sort of control over the child would seem to qualify as "obtaining" the child "by any means."

Such an expansive reading is probably justified for the purpose of the trafficking statute. We would not want to impede legitimate trafficking prosecutions by artificially narrowing what it means to "traffic."

The problem is that the court of appeals also reads subsection (a)(7) of the trafficking statute expansively to include situations in which the defendant is the only perpetrator.[11] In doing so, the court of appeals has essentially swept within the ambit of the trafficking offense any conduct that would otherwise constitute the offense of indecency with a child, sexual assault of a child, or

---

[9] *See e.g. Ex parte Perry*, 483 S.W.3d 884, 904 (Tex. Crim. App. 2016) (focusing only on the definition of coercion that was pled in the charging instrument as the basis for the constitutional challenge).

[10] *See e.g. id.* at 905 (considering unpled definitions in ascertaining meaning of pled definition).

[11] *Griffin*, 2020 WL 7640149, at *4-5.

aggravated sexual assault of a child.[12]  Second- or third-degree offenses for indecency with a child,[13] and second-degree offenses of sexual assault,[14] become first-degree offenses of trafficking.[15]  And the offense of continuous trafficking would subsume the offense of continuous sexual abuse of a child.[16]  Those offenses have the same punishment range—25 to 99 years or life—but continuous trafficking applies to any child or children while continuous sexual abuse of a child applies only to a child or children under age 14.[17]  So the State really does not need to prove that the child is under age 14 to get the punishment range for the offense of continuous sexual abuse of a child.  It just needs to frame the charge as continuous trafficking—exactly what the State has done here.

Surely the legislature did not really mean to render traditional Penal Code offenses involving sex crimes against children redundant by subsuming them into the offense of trafficking.  Otherwise, there would be no need for those offenses to have their own punishment ranges.  But the combined effect of expansively construing the definition of traffic and expansively construing the (a)(7) trafficking offense is to do just that.  The only possible wiggle room in the "traffic" definition might be to construe "obtain...by any means" more narrowly than the control exerted over the child during

---

[12]  *See* TEX. PENAL CODE § 20A.02(a)(7)(B)-(D).

[13]  *See id.* § 21.11(d).

[14]  *See id.* § 22.011(a)(2), (f).

[15]  *See id.* § 20A.02(b)(1).

[16]  *See id.* §§ 20A.02(a)(7)(A)-(D), 20A.03(a).  *See also id.* § 21.02(b).

[17]  *Compare* §§ 20A.01(1) ("child" means under age 18), 20A.02(a)(7) (victim is a "child"), 20A.03(a) (two or more times, more than 30 days, victim or victims in 20A.02), (e) (25 to 99 or life) *with* § 21.02(b)(1) (two or more times, more than 30 days, victim or victims in subsection (2), (2) (under age 14), (h) (25 to 99 or life).

sexual abuse. But the only result would be that a defendant could escape a trafficking charge if he forces the child to have sex instead of simply inducing the child to do so. That sort of disparate treatment would be odd, is inconsistent with the fact that consent is no defense to sexual offenses against children,[18] and, consent issues aside, causes a morally backward result.[19]

There is a way out of this. In my dissent in *Ritz*, I concluded that, taken together, the (a)(7) and (a)(8) trafficking provisions contemplate a minimum of two perpetrators in any trafficking offense—a person who traffics the child (subsection (a)(7)) and another person who commits the sexual offense against the child (subsection (a)(8)).[20] This construction does not mean that someone could never violate both subsections. A person who sexually abuses a child could be a trafficker if there is another trafficker or if someone else also sexually abuses the child. What this construction does mean is that someone cannot be the sole perpetrator and be a trafficker. I think there is sufficient ambiguity in the statutory language to allow for this construction, but if not, the court of appeals's construction leads to absurd results that the legislature could not possibly have intended.[21] Either way, we could then look at extratextual factors, and the legislative history supports the idea that a "trade" of some sort must take place for there to be trafficking, and for there to be a "trade," there must be more than one criminal actor.[22] And such a construction would avoid rendering

---

[18] *See id.* §§ 21.11, *passim*, 22.011(a)(2).

[19] *See Ritz*, 533 S.W.3d at 314 (Keller, P.J., dissenting).

[20] *Id.* at 312-13.

[21] *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[22] *See Ritz*, 533 S.W.3d at 314.

redundant a number of statutes involving sex offenses against children.[23]

Of course, saying that Appellant did not commit trafficking does not give him an outright acquittal. We can reform the offense to the appropriate lesser-included offense and remand for a new punishment hearing.[24]

I would grant review to address the proper construction of the trafficking and continuous trafficking statutes. Because the Court does not, I respectfully dissent.

Filed: October 6, 2021

Publish

---

[23] *See Lothrop v. State*, 372 S.W.3d 187, 190-91 & n.8 (Tex. Crim. App. 2012) (appellate court seeks to avoid rendering a statutory provision redundant or meaningless).

[24] *See Thornton v. State*, 425 S.W.3d 289, 300-01 (Tex. Crim. App. 2014).